UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

      Plaintiff,

v.

BW-WARRENVILLE OPERATIONS,
L.L.C., d/b/a Buffalo Wild Wings Bar
& Grill,

      Defendant.
_____/

CASE NO.  1:05cv0678

HONORABLE WENDELL MILES
Senior, U.S. District Judge

## CONSENT DECREE

1.    Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission") commenced this action on September 30, 2005, in the United States District Court for the Western District of Michigan, alleging that the Defendant, BW-Warrenville Operations, ("Defendant" or "Warrenville") discriminated against Charging Party, Ricky Owens, ("Charging Party" or " Owens").  More specifically, the Commission alleged that Owens had been unlawfully harassed because of his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII").

2.    As a result of settlement discussions, the Commission and Warrenville have resolved their differences and have agreed that this action should be settled by entry of this Consent Decree.  It is the intent of the parties that this Consent Decree be a final and binding settlement in full disposition of any and all claims alleged or which could have been alleged in

1

the Complaint against Warrenville or in the Charge of Discrimination filed by Owens, Charge No. 230-2005-00187.

## STIPULATED FACTS

3. The Commission is the agency of the United States government authorized by Title VII to investigate allegations of unlawful employment discrimination based upon race, to bring civil actions to prohibit unlawful employment practices, and to seek relief for individuals affected by such practices.

4. Warrenville is an employer engaged in an industry affecting commerce within the meaning of Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e (g) and (h). Warrenville had at least 15 employees for 20 or more calendar weeks during the relevant period of time.

5. Pursuant to Title VII the parties acknowledge the jurisdiction of the United States District Court for the Western District of Michigan over the subject matter and parties to this case for the purpose of entering this Decree, and if necessary, enforcing the provisions of this Decree.

6. Venue is appropriate in the Western District of Michigan. For purposes of this Decree and proceedings related to this Decree only, Warrenville agrees that all statutory conditions precedent to the institution of this lawsuit against Warrenville have been fulfilled.

## FINDINGS

7. Having examined the terms and provisions of the Consent Decree and based on the pleadings, records, and stipulations of the parties, the Court finds the following:

   a. The Court has jurisdiction over the subject matter of this action against Warrenville;

   b. The terms and provisions of this Consent Decree are fair, reasonable and just. The

rights of Warrenville, the Commission, and those for whom the Commission seeks relief are adequately protected by this Decree;

c. The Consent Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights and privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties and those for whom the Commission seeks relief.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

**NON-ADMISSION**

8. This Decree, being entered with the consent of the Commission and Warrenville, shall not constitute an adjudication or finding on the merits of this case and shall not be construed as an admission by Warrenville of any violation of Title VII or, any other law, rule or regulation dealing with or in connection with equal employment opportunity. Warrenville expressly denies any and all liability for any claims alleged in the lawsuit filed by the Commission and in the underlying Charge No. 230-2005-00187.

**NON-DISCRIMINATION**

9. Warrenville, its officers, agents, employees, successors, assigns and all persons in active concert or participation with them shall comply with the provisions of Title VII.

**NON-RETALIATION**

10. Warrenville shall not take any action against any person which constitutes intimidation, retaliation, harassment, or interference with the exercise of such person's rights under Title VII because of the filing of the Charge of Discrimination by Ricky Owens, which forms the basis for the present case, or because such person gave testimony or assistance or participated in any

manner in any investigation or proceeding in connection with this case.

## MONETARY COMPENSATION

11.     Warrenville shall, within ten (10) days of entry of this Consent Decree, and the signing of a private full and final release of all claims by Ricky Owens, pay Ricky Owens monetary compensation in the amount of Thirty Thousand Dollars ($30,000.00) for non-compensatory damages as alleged in the Complaint.  Warrenville shall issue a form 1099 for the paid amount in the ordinary course of business.  This monetary compensation shall be paid in a check made payable to Ricky Owens, 4319 Greenbrier Lane, Richton Park, Illinois, 60471.  Warrenville shall mail the payment to Owens by express mail within ten (10) days after this Consent Decree has been entered by the Court, and the private full and final release of all claims has been signed by Owens.  Warrenville shall mail a copy of the check and the certified mail receipt to Adele Rapport, Regional Attorney, 477 Michigan Avenue, Suite 865, Detroit, Michigan 48226.  The Commission shall have the right to monitor compliance with this paragraph through inspection of all documents relating to said disbursement, including but not limited to, a copy of the check, check stub, return receipt, letters, and any other documents evincing payment hereunder.

## TRAINING AND/OR EDUCATIONAL PROGRAMS

12.     Warrenville agrees that it will provide a mandatory Title VII training program to all management, supervisory and human resources personnel who directly operate its Western Michigan facilities. The training shall provide a discussion of Title VII and its prohibitions against race harassment.  A list of attendees and topics covered shall be sent to Adele Rapport, Regional Attorney, Equal Employment Opportunity Commission, at the above-mentioned

address within fifteen (15) days of the training. Warrenville shall summit copies of its current/planned harassment training program to the Commission within 30 days of the entry of this Decree. If the Commission agrees that Warrenville's current/planned training program is sufficient, such program shall satisfy the training requirement set forth above. The harassment training material should be sent to Adele Rapport, Regional Attorney, at the above-mentioned address. If the Commission finds that Warrenville's current training program is not sufficient, it agrees to modify its current harassment training per suggestion of the Commission, subject to reasonable expense.

## POSTING OF NOTICE

13.     Warrenville agrees that it shall post a copy of the Notice attached as Exhibit A in a conspicuous location at all of its Western Michigan facilities where employee notices are posted. The notice shall be posted for six (6) months from the date the Consent Decree is entered by the Court. Should the posted notice become defaced, marred or otherwise made unreadable, Warrenville agrees to post a readable copy of the notice as soon as practical thereafter.

## DURATION

14.     This Consent Decree shall remain in effect for one (1) year from the date it is entered, and the Court shall retain jurisdiction of this action during the duration of this Decree to enforce compliance with the Decree.

## DISPUTE RESOLUTION AND COMPLIANCE

15.     The Court shall have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of any party, the Court may schedule a hearing for the purpose of reviewing any party's compliance with this Decree and/or ordering appropriate relief to determine whether the parties have complied with the terms of this Decree. Prior to seeking

review by the Court, the parties shall engage in a good faith effort to resolve any dispute concerning compliance with the Decree. Any party seeking court review of a matter shall be required to give ten (10) days notice to the other party before moving for such review.

## COURT COSTS AND ATTORNEY FEES

16. Each party shall bear its own court costs and attorney fees.

## MISCELLANEOUS

17. If any provision(s) of this Agreement is found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions will remain in full force and effect.

18. The terms of this Decree shall be binding upon the present and future owners, officers, directors, employees, creditors, agents, trustees, administrators, successors, representatives, and assigns of Warrenville.

19. This Agreement constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by Warrenville and the Commission.

20. When this Decree requires or permits the submission of any documents by Warrenville to the Commission, if not otherwise indicated in the Decree, they shall be mailed to

Adele Rapport, Regional Attorney, EEOC, Detroit District Office, Patrick V. McNamara Federal Building, 477 Michigan Avenue, Room 865, Detroit, MI 48226.

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | BW-WARRENVILLE, L.L.C. |
| /s/_____<br>Adele Rapport (P44833)<br>Regional Attorney | By:  /s/ with consent____<br>James S. Rosenfeld |
| Robert Dawkins (P38289)<br>Supervisory Trial Attorney | Butzel Long, PC<br>150 W. Jefferson, Suite 100<br>Detroit, MI 48226 |
| Tammy Klein (P60256)<br>Trial Attorney | Attorneys for Defendant |
| Attorneys for Plaintiff | |
| Detroit District Office<br>Patrick V. McNamara Federal Building<br>477 Michigan Ave., Room 865<br>Detroit, MI 48226 | |

IT IS SO ORDERED:

 **/s/ Wendell A. Miles**            **March 6, 2006**

**Wendell A. Miles**              DATED
**Senior U.S. District Judge**

**EXHIBIT A**

**NOTICE TO ALL EMPLOYEES**

This Notice is being posted to inform you of your rights guaranteed by federal law under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"). Title VII prohibits discrimination, including harassment, because of an individual's race, color, sex (including pregnancy), national origin and religion.

The United States Equal Employment Opportunity Commission is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, files lawsuits in federal court to enforce the anti-discrimination provisions of Title VII. Any employee who believes that he/she is the victim of discrimination or retaliation should first report their concerns to the company via its policy on discrimination. The employee can complain to his/her immediate supervisor, regional manager or the human resource department.  If the employee does not believe that his/her concerns have been resolved then he/she has the legal right to file a charge of discrimination with the Equal Employment Opportunity Commission.

The Equal Employment Opportunity Commission also enforces the American with Disabilities Act of 1990 as amended, which protects individuals with disabilities from discrimination and harassment; the Age Discrimination in Employment Act (ADEA), which protects individuals over the age of 40 from discrimination in hiring, promotions, and all other areas of their employment; and the Equal Pay Act, (EPA) which provides that men and women shall be paid equal wages for performing equal work.

Warrenville supports and will comply with these federal laws in all respects.  Warrenville will not take any action against any employees because they have exercised their rights under
Title VII.

_____                            _____
       Date                                                                         BW-Warrenville, L.L.C.